```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
MICHAEL R. BRECHT and
NORMA BRECHT,                   *

     Plaintiff,                 *

v.                              *    CIVIL NO.: WDQ-04-3510

KALVIN RAY SHIVER and           *
NETWORK TECHNOLOGIES GROUP,
INC.                            *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Michael and Norma Brecht sued Kalvin Shiver and his employer, Network Technologies Group, for damages arising out of a November 2, 2001 automobile accident. A bench trial was held on November 28-29, 2005. For the following reasons, the Court finds Shiver liable for Plaintiffs' injuries and awards damages in the amount of $ 557,051.

I.   Background

On November 2, 2001, Michael Brecht was stopped at a traffic light at the intersection of Maryland Route 27 and East Ridgeville Boulevard when his truck was struck from behind by Shiver's vehicle. According to the Plaintiffs, the impact of the accident caused considerable damage to Mr. Brecht's cervical spine which has, as a result, diminished his capacity to work and

1

perform household services.

At the time of the accident, Mr. Brecht worked as an architectural blacksmith for Cardine Studios.  He is married and the father of four children, two of whom require special care as a result of their disabilities.

II.  Liability

As there is no dispute that Mr. Shiver was negligent, the Court finds Mr. Shiver liable for the November 2, 2001 accident.  Both parties have agreed that Plaintiffs will not seek a judgment against Network Technologies Group.

III.  Damages

Plaintiffs contend Mr. Brecht was seriously injured in the 2001 accident and seek more than $1 million in damages for past and future medical expenses, lost wages, lost household services and loss of consortium.  Defendants argue that the extent of Mr. Brecht's alleged injuries, and therefore Plaintiffs' damages, have been exaggerated.

A Plaintiff may recover those damages that are the natural, proximate and direct result of an injury.  *Empire Realty Co. v. Fleischer*, 269 Md. 278 (Md. 1973).  As it is undisputed that Mr. Brecht has a serious cervical neck condition, and as Defendants' own expert posits that this condition was, at least, aggravated

2

by the 2001 accident, the Court finds that Defendants' negligence was the proximate cause of Mr. Brecht's injury. It only remains, therefore, to determine the extent of Plaintiffs' damages.

A. Medical Expenses

Past and future medical expenses are recoverable under Maryland law. *DiLeo v. Nugent,* 88 Md. App. 59 (Md. Ct. Spec. App. 1991); *Walston v. Dobbins,* 10 Md. App. 490 (Md. Ct. Spec. App. 1970). Future damages need to be reasonably probable and may not be based on speculative, remote or uncertain damages. *Walston,* 10 Md. App. 490.

Plaintiffs contend that they have spent $6,211.53 on medical expenses and expect to spend at least $15,000 if Mr. Brecht requires neck surgery. As Defendants have not contested Mr. Brecht's past medical expenses, and because there is a likelihood that Mr. Brecht's condition will require surgery, the Court will award Plaintiffs $21,200.00 in medical expenses.

B. Lost Wages

A plaintiff may recover for lost earnings and lost earning capacity which may be expected in the future. *Brooks v. Fairman,* 253 Md. 471 (Md. 1969); *Adams v. Benson,* 208 Md. 261 (Md. 1955). Defendants do not dispute that Mr. Brecht has lost earning capacity as a result of the accident, although the parties

disagree about the extent of this lost capacity.

Charles Cardine, an architectural blacksmith and Mr. Brecht's employer, testified that Mr. Brecht could have expected to net $65,000 annually as his subcontractor. Record, p. 147. Dr. Estelle Davis, a rehabilitation counselor, opined that as a salaried blacksmith, Mr. Brecht could expect to earn between $23.00 and $28.00 per hour, or approximately $53,040 annually. Plaintiffs' Ex. 7, Report of Dr. Estelle Davis, p. 7; Plaintiffs' Ex. 7, Report of Marc Pushkin, p. 4.

Given Cardine's knowledge of Mr. Brecht's abilities and local market conditions, the Court finds that Mr. Brecht would have earned $65,000 annually if not for his injury.

As to Mr. Brecht's current earning capacity, Dr. Davis opined that given Mr. Brecht's skills and the nature of his injury, he can now expect to earn $11 to $13.50 per hour or approximately $25,480 annually. Plaintiffs' Ex. 7, Report of Dr. Estelle Davis, p. 8; Plaintiffs' Ex. 7, Report of Marc Pushkin, p. 4.

The Court has adopted Dr. Davis's conclusions and finds that Mr. Brecht has lost $39,520 in annual earnings as a result of the accident. The Plaintiffs' actuaries have projected the net present value of Mr. Brecht's future lost earnings over the remainder of Mr. Brecht's working life as $515,851. Plaintiffs' Exhibit 7, Pushkin September 22, 2005 letter. Accordingly, the

4

Court will award Plaintiffs $515,851 for lost wages.

C.  Household Services

A Plaintiff may recover for lost household services that can be performed by hired help.  *See e.g. Edmonds v. Murphy,* 83 Md. App. 133 (Md. Ct. Spec. App. 1990).  Plaintiffs argue that before the accident, Mr. Brecht spent twice the time an average married man with three children at home spends on household services and that his capacity to perform these services has been reduced by half.  On this basis, Plaintiffs seek $206,410 for lost household services.

Although there is ample evidence that Mr. Brecht's condition has diminished his ability to perform the strenuous labor associated with his work as a blacksmith, there is little evidence that Mr. Brecht's ability to perform household services has been similarly affected.  Based on Plaintiffs' testimony, however, and given the nature of Mr. Brecht's injury, the Court finds that there has been some loss of Mr. Brecht's ability to perform household services and, therefore, will award Plaintiffs $20,000 for these lost services.

III. Conclusion

For the stated reasons, the Court finds that Mr. Shiver was negligent and that this negligence caused the Brechts' injuries. As a result the Court will award Plaintiffs damages of $21,200

5

for medical expenses, $515,851 for lost wages, and $20,000 for lost household services for a total of $557,051.

January 18, 2006                               /s/
Date                            William D. Quarles, Jr.
                                United States District Judge